IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CT CASH LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-788-S |
| | § | |
| ANNS BOYZ LOGISTICS INC, | § | |
| NATSHA WILLIAMS, | § | |
| SEDRICKIOUS WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff CT Cash LLC has filed a motion for alternative service on Defendants Anns Boyz Logistics Inc, Natsha Williams, and Sedrickious Williams. *See* Dkt. No. 7.

United States District Judge Karen Gren Scholer has referred the motion for substituted service to the United States magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 8.

### **Background**

This case concerns an alleged breach of contract and related claims against defendants. CT Cash LLC ("CT Cash") executed an Instant Pay Agreement, Service Agreement, and Third-Party Card Agreement with Anns Boyz Logistics Inc ("Anns Boyz"). *See* Dkt. No. 1 at 4, 9. Anns Boyz allegedly breached the agreements through submitting fraudulent accounts and nonpayment, among other alleged offenses. *See id.* at 8-10. CT Cash also brings claims for "account stated against defendant" and unjust enrichment against Anns Boyz. *See id.* at 11-12. CT Cash alleges fraud and

"piercing the corporate veil" against Natsha and Sedrickious Williams, *see id.* at 14, 18, and conspiracy against Sedrickious Williams, *see id.* at 16.

Summonses were issued to all defendants, and a summons was returned unexecuted as to Natsha Williams. *See* Dkt. No. 4; Dkt. No. 6. Summonses were not returned as to Anns Boyz or Sedrickious Williams.

CT Cash now brings this motion for alternative service. *See* Dkt. No. 7.

**Legal Standards**

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and CT Cash seeks to effect service in Georgia, Alabama, and Tennessee.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
    (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

>(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf. Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23, 2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly

complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

## Analysis

CT Cash moves to serve defendants Anns Boyz, Natsha Williams, and Sedrickious Williams through email under Texas Rule of Civil Procedure 106.

In support of their motion, they attach search returns of Georgia businesses showing the Williamses in various registered agent capacities. *See* Dkt. No. 7-1 at 1-5. One return lists Sedrickious Williams as the registered agent for Ann's Boys Logistics (last registered 2021, dissolved 10/28/2022), residing at 260 Peachtree Street NW Suite 2200, Atlanta, GA 30303. *See* Dkt. No. 7-1 at 1. It also lists 1013 Downtowner Blvd, Mobile, AL 36609 as the principal office of Ann's Boyz Logistics. *See id.*

In its complaint, CT Cash attaches a Registered Agent Change from Alabama showing that Ann's Boys Logistics is registered in Alabama and that the agent changed from Sedrickious Williams to Kateah D. Scaife on November 24, 2021. *See* Dkt. No. 1-1 at 3-4.

CT Cash also attaches multiple sworn statements alleging various attempts at serving the defendants. The sworn statements declare that CT Cash made the following attempts to serve Anns Boyz:

- A process server attempted service on Anns Boyz Logistics on 4/18/23, 4/20/23, 4/27/23, and 5/8/23. The proof of service does not include the address at which Anns Boyz was served, but the motion states that it was 1013 Downtowner Blvd, Mobile, Alabama 36609. The process server spoke with a neighbor who said that he rarely sees anyone at the address.

- A process server attempted to serve Anns Boyz at 260 Peachtree Street Northwest, Ste. 2200, Atlanta, Georgia 30308 on 5/24/23, and found that the defendant and the registered agent no longer maintain any presence at the address. *See* Dkt. No. 7-4.

CT Cash also offers sworn statements that declare that it made the following attempts to serve Natsha Williams:

- A process server attempted to serve Natsha Williams at 794 Lorrimont Lane Fairburn, Georgia, 30213 on 4/21/23. The process server was notified by neighbors that the Williamses had moved to Alabama, and the property appeared vacant. *See* Dkt. No. 7-2 at 2.

- A process server attempted to serve "Natasha" Williams on 5/8/23. The affidavit does not state the address, but the motion alleges that it is 12602 Cedar Wood Circle North, Mobile, Alabama 36695. The resident told the server

- that the documents were not for anyone at the residence. *See* Dkt. No. 7-3 at 2.

- The Secretary of State of the State of Texas mailed a copy of the Summons and Complaint to Natsha Williams on 8/11/23 at 1013 Downtowner Blvd., Mobile, Alabama 36609. It was returned on 10/5/23 with the notation "Return to Sender, Vacant, Unable to Forward." *See* Dkt. No. 7-6.

And CT Cash offers sworn statements that declare that it made the following attempts to serve Sedrickious Williams:

- A process server attempted to serve Sedrickious Williams at 794 Lorrimont Lane, Fairburn, Georgia 30213 on 4/21/23, but was advised that the Williamses had moved to Alabama. *See* Dkt. No. 7-2 at 1.

- A process server attempted to serve Sedrickious Williams at 2668 Fizer Road, Memphis, Tennessee 38114 on 5/19/2023 and 5/20/2023. After attempting to locate Sedrickious Williams or a neighbor, the process server left because they were worried about an altercation occurring between the process server and other residents of the area. *See* Dkt. No. 7-5 at 1.

CT Cash also attaches an affidavit of their attorney Nathan A. Villarreal, who alleges that the current principal office of Anns Boyz is 1013 Downtowner Blvd, Mobile, AL 36609 and that "the residence and place of abode" of the Williamses "was 794 Lorrimont Lane, Fairburn, Georgia 30213." Dkt. No. 7-7 at 2. He further states that "the only other contact information available to Plaintiff are the three email addresses Defendants have used to communicate with Plaintiff." *Id.* at 2.

The Court must first determine if the affidavits are sufficient to support a finding of substituted service. The Court will decline to consider the proofs of service attempting to serve Anns Boys Logistics on 4/18/23 and "Natasha Williams" on 4/19/23 because the sworn statement does not list the address of attempted service. Texas Rule of Civil Procedure requires a sworn statement "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [Rule 106] (a)(1) or (a)(2) at the location named in the statement." TEX. R. CIV. P. 106(b). And the requirements for sworn statements must be strictly followed to satisfy Rule 106. *See Mockingbird Dental Grp.,* 2015 WL 4231746, at *1.

Although the motion states which addresses the process server attempted to serve the defendants at on those occasions, "an unsworn motion is not evidence of probative value that the location was the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *In Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757, 759 (Tex. App. – Dallas 1986, no writ).

In considering the other sworn statements provided, the evidence indicates that none of the addresses of attempted service could reasonably be believed to be any of the defendants' current usual place of abode, usual place of business, or place where the defendant could otherwise be found.

Although the affidavit of Nathan Villarreal alleges that the Williams's place of abode was the 794 Lorrimont Lane address in Fairmont, GA, the Williamses no longer live there. *See* Dkt. No. 7-2 at 1-2; Dkt. No. 7-7 at 1-2. And while the affidavit

does not state 260 Peachtree Street Northwest, Ste. 2200, Atlanta, GA, 30308 is the usual place of business of Anns Boyz or the usual place of abode of Sedrickious Williams, the affidavit indicates that Anns Boys and Sedrickious Williams previously maintained a presence at the address but do not currently. *See* Dkt. No. 7-4 at 1.

The affidavit of Nathan Villarreal alleges the 1013 Downtowner Blvd. address in Mobile, Alabama is the principal place of business of Anns Boyz, but the address was vacant as of October 5, 2023. *See* Dkt. No. 7-6 at 1; Dkt. No. 7-7 at 1.

When a plaintiff cannot locate a physical abode for the defendants, other courts have allowed service through email or social media under Rule 106. *See Keller Williams Realty, Inc. v. Lapeer,* No. CIV.A. 4:08-CV-1292, 2008 WL 2944601 (S.D. Tex. July 31, 2008) (finding email service appropriate when the plaintiff attempted to serve the defendant but none of the addresses defendant provided were valid); *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766, at *4 (E.D. Tex. Oct. 6, 2021) (finding plaintiff had made sufficient efforts to locate a physical address in the United States for defendant as required under Rule 106, but as there was no known address for defendant, service through social media was acceptable).

Courts have allowed service by email when "(1) the plaintiff made diligent efforts to effect traditional service at a physical address and (2) the defendant recently used the email address." *Plummer*, 2022 WL 447077, at *2.

In considering service on Anns Boyz, the Court finds that the plaintiff has not made diligent efforts to effect traditional service at a physical address for Anns Boyz.

Because Anns Boyz is a corporation, it may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," "following state law for serving a summons". FED. R. CIV. P. 4(h)(1)(A); (e)(1). "Service must be made on the corporation's registered agent, president, or any vice president," and a corporation's agent may be served by the methods found in Texas Rule of Civil Procedure 106(b). *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. – Houston [1st District] 2013, no pet.) (citing TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1)); *see Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. EP-17-CV-00333-DCG, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018).

CT Cash has not attempted to serve the new registered agent of Anns Boyz in Alabama, Kateah D. Scaife, who appears to be the most recent agent of Anns Boyz. *See* Dkt. No. 1-1 at 3-4. And it is unclear if the attempt at service at 1013 Downtowner Blvd in Mobile, Alabama was directed to Natsha Williams as a potential officer of Anns Boyz or in her individual capacity as defendant. *See* Dkt. No. 7-6 at 1.

Under this standard, the Court finds that the plaintiff has not made diligent efforts to effect traditional service at a physical address for Anns Boyz.

And the Court finds that CT Cash has not made diligent efforts to effect traditional service on Sedrickious Williams and Natsha Williams. After learning of the Williams's move to Alabama, CT Cash only attempted to serve the principal place of business of Anns Boyz in Alabama. They did not attempt to serve Sedrickious Williams in Alabama, and the affidavit attempting to serve Natsha Williams in Alabama did not include the address. This is not sufficient.

And the Court does not find that CT Cash has shown the defendants have recently used the emails provided so that service by email would be reasonably likely to give notice of this suit. Although defendants have emailed demand letters to all the email addresses provided, they have only received an answer from Natsha Williams from presumably the twilliams@annsboyzloegisticsinc.com email address, although that is not apparent from the provided email correspondence. *See* Dkt. No. 1-7; Dkt. No. 1 at 14-15.

In analyzing whether an email has been recently used, courts have found that communication in the last three months was recent, but communication more than six months from the filing of the motion was not. *See Plummer*, 2022 WL 447077, at *3 (finding that the plaintiff did not demonstrate that the person to be served conducts business online or communicated with the plaintiff recently when the last email from the person to be served to the plaintiff was six months before the motion was filed); *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *1, *3 (S.D. Tex. Mar. 20, 2013) (finding that the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

Natsha Williams's last communication through email was November 28, 2022, over ten months before the defendants filed this motion, and it is unclear what email address she responded from. *See* Dkt. No. 1-7 at 2. It is also unclear whether this email was directed to Natsha Williams or Anns Boyz. And CT Cash has not provided any response from Sedrickious Williams at any email address.

And, so, the Court finds that service by email is not reasonably calculated to be effective in notifying the defendants of this suit, and CT Cash's Motion for Substituted Service must be denied.

## Conclusion

The Court DENIES Plaintiff's Motion for Alternative Service [Dkt. No. 7] on Defendants Anns Boyz Logistics Inc, Natsha Williams, and Sedrickious Williams without prejudice.

SO ORDERED.

DATED: December 19, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE